UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cr-00139-SEB-TAB |
| ) | |
| MATTHEW KING, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant filed a motion seeking compassionate release. Dkts. 47, 52. He seeks immediate release from incarceration because of the COVID-19 pandemic. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he has various medical conditions (including being overweight and a former methamphetamine smoker) that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being infected while incarcerated.

After Defendant's motion became ripe, the Court ordered the United States to supplement its response to inform the Court as to whether Defendant had been offered or received the COVID-19 vaccine. Dkt. 56. The United States filed a supplement showing that Defendant declined the opportunity to receive the Pfizer COVID-19 vaccine on March 1, 2021. Dkt. 57. The Court gave Defendant the opportunity to file a reply, but the time for doing so has passed and no reply has been filed.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are

applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, __ F.3d __, No. 20-2893, 2021 WL 1747898, at *2 (7th Cir. May 4, 2021).

Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer vaccine that Defendant was offered. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited June 8, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States.

*Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of June 8, 2021, the BOP has administered 189,019 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited June 8, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited June 8, 2021). And, indeed, Defendant has now been offered the opportunity to receive the vaccine—and, thus, dramatically reduce his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. He declined the opportunity. He has offered no explanation for that decision.

Absent some evidence that the vaccine is medically contraindicated for Defendant, it does not appear to the Court that the risks he faces from the COVID-19 pandemic can be an extraordinary and compelling reason warranting his immediate release. *See United States v. Sigers*, No. 3:17-cr-40-RLY-MPB-13, dkt. 647 (S.D. Ind. Apr. 19, 2021) (finding no extraordinary and compelling reason where defendant had conditions that increased risk of severe COVID-19 symptoms but declined vaccine without giving explanation); *see also United States v. Tello*, No. 4:18-CR-7, 2021 WL 2005792, at *7 (E.D. Tex. May 18, 2021) (a prisoner "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated"); *United States v. Garcia*, No. 14-CR-20035, 2021 WL

1499312, at *4 (C.D. Ill. Apr. 16, 2021) ("Courts across the country appear to have consistently ruled that an inmate's refusal of a COVID-19 vaccine weighs against a finding of extraordinary and compelling circumstance to justify relief."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [Defendant] declined the opportunity to reduce his exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). Accordingly, within **7 days of the date of this Order** Defendant shall **show cause** why his motion for compassionate release should not be denied because the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release.

**If Defendant fails to respond as required by this Order, the Court will deem his motion abandoned and deny it without prejudice.**

**IT IS SO ORDERED.**

Date: 6/14/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel