UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-139-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MATTHEW KING | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cr-00139-SEB-TAB |
| ) | |
| MATTHEW KING, ) -01 | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant Matthew King has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 47. Mr. King seeks immediate release from incarceration because of the COVID-19 pandemic. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2016, Mr. King pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkts. 42, 43. According to the presentence investigation report, Mr. King sold methamphetamine to a confidential source on two occasions in the Indianapolis area. Dkt. 39. Law enforcement officials recovered approximately 88.6 grams of methamphetamine mixture from the two controlled buys from Mr. King. *Id.* When law enforcement officials executed a search warrant at his residence, they found Mr. King in possession of a stolen loaded firearm and 106 grams of methamphetamine. *Id.* The Court sentenced Mr. King to 120 months of imprisonment, to be followed by 5 years of supervised release. Dkts. 42, 43. According to the Bureau of Prisons (BOP), Mr. King is no longer incarcerated at FCI Terre Haute, but has been released and is under the supervision of the St. Louis Residential

Reentry Management field office. *See* https://www.bop.gov/inmateloc/ (last visited Aug.19, 2021). His anticipated release date from custody (with good-conduct time included) is August 21, 2023. *Id.*

The Court appointed CJA counsel to represent Mr. King, dkt. 49, and appointed counsel filed a brief in support of Mr. King's motion, arguing that Mr. King's health conditions combined with the COVID-19 pandemic to create extraordinary and compelling reasons warranting his immediate release from incarceration, dkt. 52. The United States filed a brief in opposition, dkt. 54, and Mr. King did not file a reply. After Mr. King's motion was ripe, the United States (at the Court's request) filed a medical record showing that Mr. King had refused the opportunity to receive the Pfizer COVID-19 vaccine on March 1, 2021. Dkt. 57-1. Mr. King was then given the opportunity to show cause why the Court should not deny his motion because the COVID-19 pandemic no longer presented an extraordinary and compelling reason for his release. Dkt. 58. Mr. King responded, dkt. 59, and his motion is now ripe for decision.

**II.     Legal Standard**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of

establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III. Discussion

Mr. King argues that he has established extraordinary and compelling reasons for release because he has medical conditions (including being overweight and a former methamphetamine smoker) that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being infected while incarcerated. *See* dkts. 47, 52. He also argues that the sentencing factors in § 3553(a) favor release, emphasizing that he has served half of his sentence, has not had a single disciplinary infraction and plans to live with his family if released. *See* dkt. 52. In response to the Court's direction, the United States submitted evidence showing that Mr. King was offered the Pfizer COVID-19 vaccine in March 2021 but declined the opportunity to receive the vaccine. Dkt. 57-1. It also argues that Mr. King would be a danger to the community if released and that the § 3553(a) factors weigh against release. Dkt. 54.

In response to the Court's show-cause Order, Mr. King's counsel offered reasons for Mr. King's decision to decline the vaccine. Dkt. 60. Specifically, counsel states that the side effects from the COVID-19 vaccines can be quite severe and "time will tell" if other side effects develop. *Id.* Counsel represents that Mr. King told him that he does not feel safe accepting the Pfizer vaccine. *Id.*

Mr. King has not presented any evidence that he declined the vaccine for any of the above-stated reasons. Regardless, the question is not whether Mr. King has presented a good enough reason for declining the vaccine. He is, of course, free to refuse the vaccine. The question the Court faces is whether extraordinary and compelling reasons support his immediate release. They do not.

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863 (7th Cir. July 21, 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *2. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Mr. King refused the opportunity to receive the vaccine, but he has not presented evidence that the vaccine is medically contraindicated for him. The Court also need not accept his self-diagnosed skepticism about the COVID-19 vaccines. Therefore, under *Broadfield*, Mr. King has not shown an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i). Additionally, as noted above, Mr. King appears to have been released from prison and lists his current address as an apartment in Indiana. Dkt. 60-1. Accordingly, any argument that Mr. King previously made about the dangers of COVID-19 for those in prison establishing an extraordinary and compelling reason warranting his compassionate release appear to no longer apply to him as he has been released from prison. *Id.*

Because Mr. King has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss whether the § 3553(a) factors favor release.

### IV. Conclusion

For the reasons stated above, Mr. King's motion for compassionate release, dkt. [47], is **denied**.

**IT IS SO ORDERED.**

Date: 9/14/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel